UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRESTVIEW CAPITAL MASTER, LLP, MIDSUMMER INVESTMENT, LTD., KAUAI PARTNERS, L.P., RHP MASTER FUND, LTD., ENABLE GROWTH PARTNERS, L.P., ENABLE OPPORTUNITY PARTNERS, L.P., PIERCE DIVERSIFIED STRATEGY MASTER FUND, LLC ENA, GRYPHON MASTER FUND, L.P., and GSSF MASTER FUND, L.P., <br><br> Plaintiffs, <br><br> vs. <br><br> DUANE MARTIN, an individual; MARC FRY, an individual; and UNIVERSAL FOOD & BEVERAGE COMPANY, INC., a Nevada corporation, <br><br> Defendants. | 08 C 3263 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motions of Defendant Marc Fry to dismiss the complaint in this case for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the 12(b)(3) motion is granted and the 12(b)(6) motion is denied as moot.

**BACKGROUND**

According to the allegations of the complaint, Plaintiffs Crestview Capital Master, LLP; Midsummer Investment, Ltd.; Kauai Partners, LP; RHP Master Fund, Ltd.; Enable Growth Partners, LP; Enable Opportunity Partners, LP; Pierce Diversified Strategy Master Fund, LLC ENA; Gryphon Master Fund, LP; and GSSF Master Fund LP (collectively referred to herein as "Plaintiffs") purchased or acquired preferred stock issued by Defendant Universal Food & Beverage Company, Inc. ("Universal") on or about February 16, 2006, during an offering wherein approximately $20 million of stock was sold. The terms of the purchase were set out in a document entitled "Securities Purchase Agreement." Plaintiffs contend that the sale of the stock was improper and fraudulent for various reasons. Defendants Fry and Duane Martin are former officers and directors of Universal. Plaintiffs allege, *inter alia*, that Fry and Martin misused company funds for personal purposes and intended to use the funds raised in the preferred stock offering to conceal that misuse.

On June 5, 2008, Plaintiffs sued in this court under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), Securities and Exchange Commission Rule 10b-5, common law fraud, negligent misrepresentation, and breach of fiduciary duty. According to the affidavit of Richard Berberian [18], Fry was served with the original complaint on July 11, 2008. Since that time, the complaint has been twice

amended. Through different agreed motions or actions of this court, Fry's obligation to file an answer or other pleading responsive to Plaintiffs' allegations was extended to April 7, 2009. On that date, Fry filed the instant motions to dismiss for improper venue and failure to state a claim upon which relief can be granted. The first motion is premised upon Paragraph 9(a) of the Securities Purchase Agreement,[1] which provides in pertinent part that

> [e]ach party hereby irrevocably submits to the exclusive jurisdiction of the state and federal courts sitting in The City of New York, Borough of Manhattan, for the adjudication of any dispute hereunder or in connection herewith or with any transaction contemplated hereby or discussed herein, and hereby irrevocably waives and agrees not to assert in any suit, action or proceeding any claim...that such suit, action or proceeding is brought in an inconvenient forum or that the venue of such suit, action or proceeding is improper.

## DISCUSSION

The language of Paragraph 9(a) of the Securities Purchase Agreement quoted above leaves no doubt that it is a clause selecting the state and federal courts located in the Borough of Manhattan, New York City, as the sole fora for adjudicating disputes arising in connection with the agreement. A challenge to venue based on a forum selection clause is properly brought as a Rule 12(b)(3) motion to dismiss. *Continental Ins. Co. v. M/V Orsula*, 354 F.3d 603, 606-07 (7th Cir. 2003).

---

[1]The Securities Purchase Agreement was attached as Exhibit B to the Second Amended Complaint and therefore is treated as part of the complaint pursuant to Fed. R. Civ. P. 10(c).

As a threshold issue, Plaintiffs argue that the 12(b)(3) motion is untimely. As described above, the motion was undoubtedly not brought until several months after the initial complaint was filed. However, the timeframe for filing a responsive pleading was extended through a variety of means and did not expire until April 7, 2009, the date the instant motions were filed. None of the circumstances set out in Rule 12 for waiver of a defense of improper venue have been demonstrated in this case, so the passage of time between the initiation of the suit and the filing of the motion challenging venue in this district is not a basis for denial.

Turning to the merits of the 12(b)(3) motion, we begin by noting that forum selection clauses are prima facie valid. *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10 (1972). They will be enforced unless the party resisting their application can show that doing so would be unreasonable or unjust. *See id.*; *Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589 (1991).

A finding of unreasonableness in this case is possible only in three situations. *See Bonny v. Society of Lloyd's*, 3 F.3d 156, 160 (7th Cir. 1993). First, if Paragraph 9(a) was incorporated into the Securities Purchase Agreement by fraud, undue influence or overweening bargaining power, it will be unreasonable and unenforceable. *See id.* Plaintiffs assert that the forum selection clause was not negotiated but have adduced no

evidence to support that assertion. For instance, they do not offer an affidavit from a knowledgeable party or an indication that the topic was even discussed during the negotiation process, which according to the complaint was extensive in both time and scope. Moreover, it is difficult to believe that Plaintiffs, who were investing hundreds of thousands or, in some cases, millions of dollars into a company that they claim was desperate for cash, were not in a position to challenge the selection of a New York forum if they were adamantly opposed to that choice.

Second, Plaintiffs will not be required to comply with Paragraph 9(a) if it is so difficult for them to conduct the litigation in Manhattan that they will for all intents and purposes be deprived of their day in court. *See id.* Though Plaintiffs have supported their contention that Manhattan will not be as convenient a location for them as Chicago would be, convenient is not synonymous with reasonable with respect to litigation fora in these types of circumstances. *See Abbott Labs. v. Takeda Pharm. Co., Ltd.*, 476 F.3d 421, 426 (7th Cir. 2007). Where a forum selection clause is in play, a court does not balance inconveniences to the respective parties as Plaintiffs request we do. *See id.* Plaintiffs have given no basis to support a conclusion that the Manhattan courts are so inaccessible to them that their suit will in essence be over if they must pursue it in New York.

Finally, if enforcing the terms of Paragraph 9(a) would contravene a strong public policy applicable to this court by statute or judicial decision, compliance will not be required. *See Bonny*, 3 F.3d at 160. Plaintiffs have provided no argument on this point and we are not aware of any applicable public policy that would prevent enforcement of Paragraph 9(a).

Because Plaintiffs have not provided a reason for this court to disregard the forum selection clause, we conclude that the parties' contractual choice of fora controls. Consequently, venue is not proper in this district and the motion to dismiss under Rule 12(b)(3) is granted, without prejudice to refiling in a proper venue. Since the complaint is no longer extant, the concurrent motion to dismiss for failure to state a claim is denied as moot.

## CONCLUSION

Based on the foregoing analysis, the motion to dismiss for improper venue [61] is granted. The motion to dismiss for failure to state a claim [63] is denied as moot.

_____
Charles P. Kocoras
United States District Judge

Dated:   May 29, 2009